******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PALMER, J., with whom McDONALD, J., joins, concurring in part and concurring in the judgment. I concur in the judgment affirming the felony murder conviction of the defendant, Lawrence R. Andrews, and I join parts II, III, IV and V of the majority opinion. With respect to part I of the majority opinion, however, I am not convinced that it was irrelevant that the defendant had ample funds available to him to purchase the crack cocaine that he forcibly attempted to steal from the victim, Michelle McMaster. I am not persuaded, therefore, that it was proper for the trial court to bar the defendant from adducing the testimony of his sister, Tricia Andrews, to demonstrate that he had such funds. Although the defendant himself testified that he had money to pay for drugs, because of his criminal history and obvious interest in the case, the corroborative testimony of his sister would have served to bolster the defendant's contention that he had no motive to rob the victim.

The majority concludes that the defendant's ability to pay for the crack cocaine that he sought to take from the victim was irrelevant in light of the state's theory that he attempted to rob the victim not because he could not afford to pay her for it but, rather, to satisfy his immediate craving for it. Unlike the majority, I do not see a clear and definitive distinction between these two motives, which, of course, are not mutually exclusive. To the extent that the defendant had significant financial resources, such that he easily could have paid for the crack cocaine, his ready access to those resources made it less likely that he would have resorted to robbery to obtain the drug. Although the state posits that the defendant robbed the victim because of his immediate need for crack cocaine, the state never *conceded* that the defendant had no financial motive to do so. Consequently, the jury could have viewed the motives as jointly explaining the defendant's conduct. I therefore believe that the defendant was entitled to dispel both potential motives even though the state sought to emphasize one over the other.

Nevertheless, the state did not attempt to establish, and it did not argue, that the defendant lacked the resources to purchase crack cocaine. In addition, the state's key witness, Donna Russell, testified generally that the defendant was a person who had money. Finally, the defendant gave the police a detailed statement in which he admitted to his involvement in the victim's death. Consequently, any error in barring the defendant from presenting his sister's testimony was harmless beyond a reasonable doubt. I therefore concur in the judgment.